UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-09-2    2010 NOV 10  P 5:41

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:10CR 227(EBB) |
| v. | VIOLATIONS: |

JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.";
JAYQUIS BROCK, a.k.a. "Pooka" and "Pook";
MARK BASKERVILLE, a.k.a "Munson";
RUSSELL BATTLES, a.k.a. "Cuddy" and "Cuddy Russ";
STEPHANIE DAGOSTINO;
SHERROD DANIELS, a.k.a. "Hot Sauce";
LARRY DEVORE, a.k.a. "L.D.";
HARRY DIAZ, a.k.a. "Hottie" and "H";
JAMES DICKERSON;
STEVEN DICKS, a.k.a. "God";
DERRON DOCKERY, a.k.a. "Day Day";
MANOKUS FIELDS, a.k.a. "Fresh";
DEVANTE FORTUNE, a.k.a. "Will" and "Pooty";
MAURICE HILL, a.k.a. "Mo Digs";
SHAMAINE HOBBY;
EDMUND JACKSON, SR., a.k.a. "Eddie";
JAMES JENKINS, a.k.a. "Black";
MILTON JOHNSON, a.k.a. "Tilt";
TORRENCE JONES;
DEMETRIUS LITTLE, a.k.a. "Hap" and "Happy";
KRISTIN LONGOBARDI;
ERIC LUMPKIN;
WENDEL MCDUFFIE, a.k.a. "Win";
RYAN MOORE;
JAVON MOORNING, a.k.a "Lil Red";
GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi";
CHARLES NICHOLS;
RAYMOND RICE;
CHANEL SINCLAIR;
ROGER SULLIVAN, a.k.a. "Manny-O";
ELEAZAR THOMPSON, a.k.a. "L";
TYLAN THOMPSON, a.k.a. "Finner";
BRANDON TOLSON, a.k.a. "Black";
ALVIN TOWNSEND, a.k.a. "Gurb";
RONNIE WASHINGTON, a.k.a. "Gotti";
TYRONE WILLIAMS; and
DARREN WINFREY, a.k.a. "D."

21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine and Cocaine Base)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Cocaine Base)

21 U.S.C. § 843(b) (Use of a Telephone to Facilitate a Drug Trafficking Felony)

21 U.S.C. § 856 (Maintaining a Drug Involved Premises)

21 U.S.C. § 853 (Criminal Forfeiture)

18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

18 U.S.C. § 2 (Aiding and Abetting)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy To Distribute and To Possess With Intent To Distribute
280 Grams or More of Cocaine Base)

1.    From in or about January 2010 through in or about October 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.," JAYQUIS BROCK, a.k.a. "Pooka" and "Pook," RUSSELL BATTLES, a.k.a. "Cuddy" and "Cuddy Russ," STEPHANIE DAGOSTINO, DEVANTE FORTUNE, a.k.a. "Will" and "Pooty," GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi," and TYLAN THOMPSON, a.k.a. "Finner," who are defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that JACKSON, BROCK, BATTLES, DAGOSTINO, FORTUNE, NAPOLEON and THOMPSON, who are defendants herein, and others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance involved in the offense was 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Conspiracy To Distribute and To Possess With Intent To Distribute
28 Grams or More of Cocaine Base)

4.    From in or about January 2010 through in or about November 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.," JAYQUIS BROCK, a.k.a. "Pooka" and "Pook," SHERROD DANIELS, a.k.a. "Hot Sauce," LARRY DEVORE, a.k.a. "L.D.," HARRY DIAZ, a.k.a. "Hottie" and "H," JAMES DICKERSON, STEVEN DICKS, a.k.a. "God," DERRON DOCKERY, a.k.a. "Day Day," MANOKUS FIELDS, a.k.a. "Fresh," EDMUND JACKSON, SR., a.k.a. "Eddie," MILTON JOHNSON, a.k.a. "Tilt," DEMETRIUS LITTLE, a.k.a. "Hap" and "Happy," WENDEL MCDUFFIE, a.k.a "Win," CHARLES NICHOLS, ELEAZAR THOMPSON, a.k.a. "L," BRANDON TOLSON, a.k.a. "Black," ALVIN TOWNSEND, a.k.a. "Gurb," RONNIE WASHINGTON, a.k.a. "Gotti," TYRONE WILLIAMS and DARREN WINFREY, a.k.a. "D," who are defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

5.    It was a part and an object of the conspiracy that JACKSON, BROCK, DANIELS, DEVORE, DIAZ, DICKERSON, DICKS, DOCKERY, FIELDS, JACKSON, SR., JOHNSON, LITTLE, MCDUFFIE, NICHOLS, THOMPSON, TOLSON, TOWNSEND, WASHINGTON, WILLIAMS and WINFREY, who are defendants herein, and others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

6.      The controlled substance involved in the offense was 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

COUNT THREE
(Conspiracy To Distribute and To Possess With Intent To Distribute Cocaine Base)

7.      From in or about January 2010 through in or about October 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.," JAYQUIS BROCK, a.k.a. "Pooka" and "Pook," MARK BASKERVILLE, a.k.a "Munson," MAURICE HILL, a.k.a. "Mo Digs," SHAMAINE HOBBY, JAMES JENKINS, a.k.a. "Black," TORRENCE JONES, RYAN MOORE, RAYMOND RICE and CHANEL SINCLAIR, who are defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

8.      It was a part and an object of the conspiracy that JACKSON, BROCK, BASKERVILLE, HILL, HOBBY, JENKINS, JONES, MOORE, RICE and SINCLAIR, who are defendants herein, and others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

9.      The controlled substance involved in the offense was a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C)(ii).

All in violation of Title 21, United States Code, Section 846.

-4-

## COUNT FOUR
(Conspiracy To Distribute and To Possess With Intent To Distribute
500 Grams or More of Cocaine)

10.     From in or about January 2010 through in or about October 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.," RUSSELL BATTLES, a.k.a. "Cuddy" and "Cuddy Russ," and STEPHANIE DAGOSTINO, who are defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

11.     It was a part and an object of the conspiracy that JACKSON, BATTLES and DAGOSTINO, who are defendants herein, and others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

12.     The controlled substance involved in the offense was 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

## COUNT FIVE
(Distribution of Cocaine Base)

13.     On or about January 27, 2010, in the District of Connecticut, GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi," the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT SIX
(Distribution of Cocaine Base)

14.     On or about February 26, 2010, in the District of Connecticut, GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi," the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT SEVEN
(Distribution of Cocaine Base)

15.     On or about April 6, 2010, in the District of Connecticut, GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi," and JAVON MOORNING, a.k.a. "Lil Red," the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii), and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Distribution of Cocaine Base)

16.     On or about July 27, 2010, in the District of Connecticut, ROGER SULLIVAN, a.k.a. "Manny-O," and ALVIN TOWNSEND, a.k.a. "Gurb," the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii), and Title 18, United States Code, Section 2.

## COUNT NINE
(Possession with Intent to Distribute Cocaine Base)

17.    On or about July 29, 2010, in the District of Connecticut, JAMES JENKINS, a.k.a. "Black," the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT TEN
(Possession with Intent to Distribute Cocaine Base)

18.    On or about September 1, 2010, in the District of Connecticut, DERRON DOCKERY, a.k.a. "Day Day," the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT ELEVEN
(Distribution of Cocaine Base)

19.    On or about October 13, 2010, in the District of Connecticut, JAMES DICKERSON, the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT TWELVE
(Distribution of Cocaine Base)

20.    On or about October 14, 2010, in the District of Connecticut, ROGER SULLIVAN, a.k.a. "Manny-O," the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT THIRTEEN
(Possession with Intent to Distribute 500 Grams or More of Cocaine)

21.    On or about October 28, 2010, in the District of Connecticut, JOSEPH JACKSON, a.k.a. "Mighty," and "M.I.," the defendant herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT FOURTEEN
(Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

22.    On or about October 28, 2010, in the District of Connecticut, JOSEPH JACKSON, a.k.a. "Mighty," and "M.I," the defendant herein, did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## COUNT FIFTEEN
(Possession of a Firearm by a Convicted Felon)

23.    On or about October 28, 2010, in New Haven, in the District of Connecticut, JOSEPH JACKSON, a.k.a. "Mighty," and "M.I.," the defendant herein, having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment exceeding one year, that is, (1) Possession of Narcotics with Intent to Sell, in violation of Connecticut General Statute § 21a-277(a), on January 30, 2004; (2) Possession of Narcotics With Intent to Sell, in violation of Connecticut General Statute § 21a-277(a), on March 10, 1998; (3) Possession of a Controlled Substance Intent to Sell, in violation of Connecticut General Statute § 21a-277(b), on February 19, 1998; (4) Assault on a Police Officer, in violation of Connecticut General Statute § 53a-167c, on February 19, 1998; and (5) Sale of a Controlled Substance, in violation of Connecticut General Statute § 21a-277(a), on September 9, 1994; did knowingly possess a firearm in and affecting commerce, i.e., one Taurus PT24/7 .40 caliber semi-automatic pistol with an obliterated serial number, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIXTEEN
(Maintaining a Drug Involved Premises)

24.    In or about October 2010, in the District of Connecticut, STEPHANIE DAGOSTINO, the defendant herein, while managing and controlling as lessee and occupant her residence at 280 Third Avenue, 2nd Floor, West Haven, Connecticut, knowingly and intentionally made available for use, without compensation, said apartment for the purpose of the unlawful manufacture, storage, distribution and possession with intent to distribute cocaine base ("crack cocaine") and cocaine, Scheduled II controlled substances.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT SEVENTEEN
(Possession with Intent to Distribute Cocaine Base)

25.    On or about November 4, 2010, in the District of Connecticut, BRANDON TOLSON, a.k.a. "Black," the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)(ii).

## COUNT EIGHTEEN
(Use of a Telephone to Facilitate Commission of a Narcotics Trafficking Felony)

26.    On or about August 2, 2010, in the District of Connecticut, KRISTIN LONGOBARDI, the defendant herein, did knowingly and intentionally use a communications facility, that is, a telephone, to facilitate the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, the knowing and intentional possession with intent to distribute and distribution of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 843(b).

## COUNT NINETEEN
(Use of a Telephone to Facilitate Commission of a Narcotics Trafficking Felony)

27.    On or about August 2, 2010, in the District of Connecticut, RONNIE WASHINGTON, a.k.a. "Gotti," the defendant herein, did knowingly and intentionally use a communications facility, that is, a telephone, to facilitate the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, the knowing and

intentional possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY
(Use of a Telephone to Facilitate Commission of a Narcotics Trafficking Felony)

28.    On or about October 23, 2010, in the District of Connecticut, ERIC LUMPKIN, the defendant herein, did knowingly and intentionally use a communications facility, that is, a telephone, to facilitate the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, the knowing and intentional possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 843(b).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

29.    Upon conviction of any of the controlled substance offenses alleged in Counts One through Twenty of this Indictment, JOSEPH JACKSON, a.k.a. "Mighty" and "M.I.," JAYQUIS BROCK, a.k.a. "Pooka" and "Pook," MARK BASKERVILLE, a.k.a "Munson," RUSSELL BATTLES, a.k.a. "Cuddy" and "Cuddy Russ," STEPHANIE DAGOSTINO, SHERROD DANIELS, a.k.a. "Hot Sauce," LARRY DEVORE, a.k.a. "L.D.," HARRY DIAZ, a.k.a. "Hottie" and "H," JAMES DICKERSON, STEVEN DICKS, a.k.a. "God," DERRON DOCKERY, a.k.a. "Day Day," MANOKUS FIELDS, a.k.a. "Fresh," DEVANTE FORTUNE, a.k.a. "Will" and "Pooty," MAURICE HILL, a.k.a. "Mo Digs," SHAMAINE HOBBY, EDMUND JACKSON, SR., a.k.a. "Eddie," JAMES JENKINS, a.k.a. "Black," MILTON JOHNSON, a.k.a. "Tilt," TORRENCE JONES, DEMETRIUS LITTLE, a.k.a. "Hap" and "Happy," KRISTIN LONGOBARDI, ERIC LUMPKIN, WENDEL

MCDUFFIE, RYAN MOORE, JAVON MOORNING, a.k.a "Lil Red," GEMINI NAPOLEON, a.k.a. "G.I.," "Poe" and "Gemi," CHARLES NICHOLS, RAYMOND RICE, CHANEL SINCLAIR, ROGER SULLIVAN, a.k.a. "Manny-O," ELEAZAR THOMPSON, a.k.a. "L," TYLAN THOMPSON, a.k.a. "Finner," BRANDON TOLSON, a.k.a. "Black," ALVIN TOWNSEND, a.k.a. "Gurb," RONNIE WASHINGTON, a.k.a. "Gotti," TYRONE WILLIAMS and DARREN WINFREY, a.k.a. "D," the defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of the violations alleged in this Indictment, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged herein, and any of said defendants' interest in, claims against, and property and contractual rights of any kind which was used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited, to the following:

a. Approximately $53,000 in United States currency seized from 96 Third Street, 2nd Floor, Hamden, Connecticut on October 28, 2010;

b. Approximately $1,569 in United States currency seized from 866-868 Winchester Avenue, New Haven, Connecticut on October 28, 2010;

c. Approximately $1,097 in United States currency seized from the person of JOSEPH JACKSON on October 28, 2010;

d. Approximately $19,325.07 in United States currency seized from Connex Credit Union Account Number xxxx825.

30. If any of the above-described forfeitable property, as a result of any act or omission of the said defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has

-12-

been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/S/

FOREPERSON

DAVID B. FEIN
UNITED STATES ATTORNEY

ROBERT M. SPECTOR
DEPUTY CHIEF, VIOLENT CRIME AND NARCOTICS

CHRISTOPHER M. MATTEI
ASSISTANT UNITED STATES ATTORNEY